UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES EDWARD SCHMIDT, SOLE
TRUSTEE KARL JAMES SCHMIDT
TRUST,

        Plaintiff,

v.                                      Case No. 1:06-cv-376
                                      Hon. Gordon J. Quist

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

        Plaintiff brought this suit in the Grand Traverse County Probate Court, naming the Commissioner as the sole defendant.  The case was removed to federal court on May 31, 2006, pursuant to 28 U.S.C. § 1442, because it is a civil action commenced in state court against an officer of the United States for an act under color of office.

        This matter is now before the court on defendant's combined motion to quash subpoena, dismiss any claims against the Social Security Administration or for a more definite statement (docket no. 10).

        The summons and complaint (prepared on a two page state form) filed by plaintiff includes no allegations against defendant.  Plaintiff's filing included an "Ex parta [sic] motion and order for subepia [sic] of defendant and discovery of assets of defendant."  This motion apparently seeks a subpoena against defendant to "personally appear with all records and deposition and present all assets that have been illegally taken from the Trust/Estate of Karl James Schmidt."  Plaintiff also filed a lengthy and, for the most part, incomprehensible 32-paragraph affidavit, which sets forth

numerous acts of embezzlement and fraud perpetrated by plaintiff's family members and at least one other individual since 1991.

The court has a duty to read a *pro se* plaintiff's complaint indulgently. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Kent v. Johnson*, 821 F. 2d 1220, 1223-24 (6th Cir. 1987). Despite an indulgent and broad reading of plaintiff's complaint, the court has no jurisdiction in this matter. The "complaint" contains no allegations against defendant. Plaintiff's affidavit recounts the alleged wrongdoing of his family members and "Maretta Dian Markin (Cavness) (Hampton)," none of whom are defendants in this suit.

Plaintiff has alleged no facts indicating that this controversy involves either a federal question "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or diversity of citizenship among the parties, 28 U.S.C. § 1332. Even if the court viewed plaintiff's affidavit as comprising his complaint, this affidavit does not allege any cause of action against defendant. A complaint may be dismissed *sua sponte* for lack of subject matter jurisdiction. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). "Whenever it appears ... that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3). "Federal subject matter jurisdiction may be raised at any time during litigation and must be raised *sua sponte* when there is an indication that jurisdiction is lacking." *Hughes v. Patrolmen's Benevolent Association of the City of New York, Inc.*, 850 F.2d 876, 881 (2d Cir.1988). *See also, Taubman Co. v. Webfeats*, 319 F.3d 770, 773 (6th Cir.2003); *Ambrose v. Welch*, 729 F.2d 1084, 1085 (6th Cir. 1984). "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when

the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple,* 183 F.3d at 479.

Plaintiff's complaint does not allege a cause of action against defendant. The complaint is unsubstantial, frivolous, and devoid of merit. *Id.* Accordingly, plaintiff's complaint should be dismissed.

### Recommendation

I respectfully recommend that defendant's motion to dismiss (docket no. 10) be **GRANTED**.


Dated:  December 11, 2006                 /s/ Hugh W. Brenneman, Jr.
                                          Hugh W. Brenneman, Jr.
                                          United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).